IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASMINE CRANFORD,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

    Defendant.

:
:
:
:
:

Case No. 3:16-cv-366

JUDGE WALTER H. RICE

MAGISTRATE JUDGE
SHARON L. OVINGTON

---

DECISION AND ENTRY ADOPTING REPORT AND
RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE
(DOC. #11), AND OVERRULING OBJECTIONS OF DEFENDANT
NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL
SECURITY (DOC. #12), TO SAID JUDICIAL FILING; JUDGMENT TO BE
ENTERED IN FAVOR OF PLAINTIFF JASMINE CRANFORD AND
AGAINST THE DEFENDANT COMMISSIONER, REVERSING THE
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE
SOCIAL SECURITY ACT, AS NOT SUPPORTED BY SUBSTANTIAL
EVIDENCE, AND REMANDING THE CAPTIONED CAUSE TO THE
COMMISSIONER PURSUANT TO THE FOURTH SENTENCE OF 42
U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS;
TERMINATION ENTRY

---

Plaintiff Jasmine Cranford ("Plaintiff") has brought this action pursuant to 42

U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting

Commissioner of the Social Security Administration ("Commissioner"), denying

Plaintiff's application for Social Security disability benefits. On June 20, 2017,

Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #11,

recommending that the Commissioner's decision that Plaintiff was not disabled and,

therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301

*et seq.*, be vacated, and that the captioned matter be remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for an immediate award of benefits. Based upon reasoning and citations of authority set forth below, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6, and a thorough review of the applicable law, this Court ADOPTS the Report and Recommendations, Doc. #11, and OVERRULES the Defendant Commissioner's Objections, Doc. #12, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act, as not supported by substantial evidence. Further, the Court orders that the captioned cause be remanded to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for an immediate award of benefits.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The

Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938)). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The parties agree that the dispositive issue in this case is whether, at the time of the ALJ's decision, Plaintiff met or equaled the "Intellectual Disorder" impairment detailed in 20 C.F.R. Pt. 404 Subpt. P App'x 1 Listing ("Listing") 12.05. At the time of Plaintiff's disability application and at the time of the ALJ's decision, Listing 12.05C was in effect. A claimant would meet or equal Listing 12.05C, and be found disabled, if she has "significantly subaverage general intellectual functioning with deficits in adaptive functioning manifested . . . before age 22[, and a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. Pt. 404 Subpt. P App'x 1 Listing 12.05C. However, as of January 17, 2017, a new Listing 12.05 became effective that eliminated Listing 12.05C, and applies to any claim remanded for further proceedings. Soc. Sec. Admin., *Revised Criteria for Evaluating Mental Disorders*, 81 Fed. Reg. 66138 n.1 (Sept. 26, 2016). Thus, if Plaintiff's claim were to be remanded for further proceedings, rather than an award of benefits, then Plaintiff's claim would be evaluated as to whether she meets or equals the new Listing 12.05.

2. In her Report and Recommendations, the Magistrate Judge noted that Mary Ann Jones, Ph.D., Plaintiff's treating psychologist, assessed a full-range

4

intelligence quotient ("IQ") score of 66, which is classified as the mild range of intellectual disability. Doc. #6-7, PAGEID #431. The ALJ rejected the IQ score because other evidence of record showed higher functioning than what would be suggested by the IQ score, and Dr. Jones did not diagnose her with mental disability or borderline intellectual functioning. Thus, the ALJ reasoned, the low IQ score "appeared to be the result of the Plaintiff's attempt to present herself as less capable than she actually is." Doc. #12, PAGEID #845 (citing Doc. #6-2, PAGEID #45-47; Doc. #6-7, PAGEID #428, 431, 689, 715; Doc. #11, PAGEID #837; *Daniels v. Comm'r of Soc. Sec.*, No. 02-3224, 70 F. App'x 868, 872 (6th Cir. 2003)). The Commissioner, in asking the Court to affirm the ALJ's decision, would have the Court elevate form above substance. As Plaintiff notes, Dr. Jones used the phrase "mental retardation" to define Plaintiff's intellectual functioning on four separate occasions in her treatment of Plaintiff. Doc. #13, PAGEID #856-57 (citing Doc. #6-7, PAGEID #431, 477). Further, it is well-settled in the Sixth Circuit that a specific diagnosis of intellectual disability is neither necessary nor sufficient for a disability claimant to meet or equal Listing 12.05C; *i.e.*, "mental retardation" are not magic words required for a finding of disability. Doc. #11, PAGEID #836 (citing *Wilkerson v. Comm'r of Soc. Sec.*, No. 3:08-cv-419, 2010 WL 817307, at *13 (S.D. Ohio Mar. 5, 2010) (Ovington, Mag. J.)).

Moreover, the ALJ's conclusion that the IQ score assessed by Dr. Jones was inconsistent with other evidence of record, Doc. #6-2, PAGEID #47, is belied by the very evidence upon which the ALJ purports to rely. As the Magistrate Judge noted, Bonnie Katz, Ph.D., the Commissioner's reviewing psychologist, concluded that Plaintiff had marked limitations in her abilities "to understand, remember, and carry out detailed

5

instructions[,]" Doc. #11, PAGEID #831 (citing Doc. #6-3, PAGEID #119), and "to interact with the general public." Id. (citing Doc. #6-3, PAGEID #120). Paul Tangeman, Ph.D., another of the Commissioner's reviewing psychologists, "reviewed Plaintiff's records and agreed with Dr. Katz's findings." Id. (citing Doc. #6-3, PAGEID #125-37). The internal consistency and external validity of Dr. Jones's opinion mean that it is entitled to controlling weight, 20 C.F.R. § 404.1527(c)(2), and the IQ score assessed by Dr. Jones is valid.

3. Contrary to the Commissioner's argument, Doc. #12, PAGEID #846, the evidence of record compels the conclusion that Plaintiff had significant deficits in adaptive functioning before the age of 22. She had a psychological evaluation at the age of five due to behavior difficulties, non-compliance, and acting out sexually. Doc. #6-7, PAGIED #486. Throughout her education, she struggled to get along with other students, and her standardized test scores revealed that she was performing well below her age level. Doc. #6-6, PAGEID #341, 346 413-14; Doc. #6-7, PAGEID #591-92.

4. The marked limitations opined by Drs. Katz and Tangeman discussed above, along with the ALJ's findings at step two that Plaintiff's polysubstance abuse disorder, substance-induced mood disorder, and learning or attention deficit disorder constituted substantial impairments, Doc. #6-2, PAGEID #43, constitute significant limitations on Plaintiff's "physical or mental ability to do basic work activities[.]" 20 C.F.R. Pt. 404, Subpt. P., App'x 1 § 12.00A. Accordingly, Plaintiff met or equaled all the

6

elements for Listing 12.05C, and the ALJ was required to find her disabled at step three. Doc. #6-2, PAGEID #44.

5. In light of the required finding of disability, it would be grossly inequitable to remand the case for further proceedings under the modified Listing 12.05, which eliminates Listing 12.05(C).

WHEREFORE, based upon the aforesaid, this Court adopts in their entirety the Report and Recommendations of the United States Magistrate Judge, Doc. #11, and overrules the Defendant Commissioner's Objections to said judicial filing. Doc. #12. Judgment shall enter in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act as unsupported by substantial evidence, and remanding the captioned cause pursuant to the fourth sentence of 42 U.S.C. § 405(g) for an immediate award of benefits.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: August 22, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE